**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERT MANZANARES DELA CRUZ, | No. 08-73118 |
| Petitioner, | Agency No. A072-401-630 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2013[**]
San Francisco, California

Before: McKEOWN, CALLAHAN, and IKUTA, Circuit Judges.

Gilbert Manzanares Dela Cruz, a native and citizen of the Philippines,

petitions for review of the Board of Immigration Appeals' ("BIA") order

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252.

Substantial evidence supports the agency's adverse credibility determination. Dela Cruz acknowledged that his testimony at his asylum interview was inconsistent with his testimony in the hearing before the IJ, some of those inconsistencies going to who killed a New People's Army ("NPA") commander and why the NPA threatened Dela Cruz. The inconsistencies go to the heart of Dela Cruz's asylum claim. *See Pal v. INS*, 204 F.3d 935, 939–40 (9th Cir. 2000). Dela Cruz was given an opportunity to explain these inconsistencies, but his explanations regarding the passage of time, battlefield confusion, and personal confusion at the hearing do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Dela Cruz's contention that the agency erred in basing its adverse credibility determination on his testimony to the asylum officer, because such testimony was potentially unreliable or because Dela Cruz did not have an opportunity to cross examine the officer, was not raised to the BIA. Therefore, we lack jurisdiction over this claim and dismiss it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). In the absence of credible testimony regarding past persecution or fear of

2

future persecution, we deny the petition as to Dela Cruz's asylum and withholding of removal claims.

**DENIED IN PART; DISMISSED IN PART.**